```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: ___ 08 2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

   - v. -                         :

DAVID CARDONA-CARDONA,            :    **INDICTMENT**
JEAN-CLAUDE OKONGO LANDJI,
JIBRIL ADAMU,                     :    S1 18 Cr. 601 (PGG)
ARGEMIRO ZAPATA-CASTRO,
SHERVINGTON LOVELL, and           :
STEVEN ANTONIUS,
                                  :
               Defendants.
                                  :
- - - - - - - - - - - - - - - - - x

## COUNT ONE
(Narcotics Conspiracy on Board United States Aircraft)

The Grand Jury charges:

1. From at least in or about October 2017, up to and including in or about October 2018, in an offense begun and committed out of the jurisdiction of any particular state or district, DAVID CARDONA-CARDONA, JEAN-CLAUDE OKONGO LANDJI, and JIBRIL ADAMU, the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry into the United States is expected to be the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that DAVID CARDONA-CARDONA, JEAN-CLAUDE OKONGO LANDJI, and

JIBRIL ADAMU, the defendants, and others known and unknown, would and did, on board an aircraft owned by a United States citizen and registered in the United States, knowingly distribute, and possess with intent to distribute, a controlled substance, in violation of Title 21, United States Code, Sections 812, 959(c), and 960(a)(3).

3. It was further a part and an object of the conspiracy that JEAN-CLAUDE OKONGO LANDJI, the defendant, and others known and unknown, would and did, as United States citizens on board any aircraft, knowingly distribute, and possess with intent to distribute, a controlled substance, in violation of Title 21, United States Code, Sections 812, 959(c), and 960(a)(3).

4. The controlled substance involved in the offense was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Sections 959(c), 959(d), and 963; Title 18, United States Code, Section 3238.)

## COUNT TWO
(Narcotics Distribution on Board United States Aircraft)

The Grand Jury further charges:

5. In or about October 2018, in an offense begun and committed out of the jurisdiction of any particular state or district, DAVID CARDONA-CARDONA and JIBRIL ADAMU, the

2

defendants, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry into the United States is expected to be the Southern District of New York, on board an aircraft owned by a United States citizen and registered in the United States, knowingly distributed, possessed with intent to distribute, and aided and abetted the distribution and possession with intent to distribute of, five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

   (Title 21, United States Code, Sections 812, 959(c), 959(d), 960(a)(3), and 960(b)(1)(B); Title 18, United States Code, Sections 3238 and 2.)

## COUNT THREE
### (Narcotics Distribution on Board Aircraft United States Aircraft and by United States Citizen)

   The Grand Jury further charges:

   6. In or about October 2018, in an offense begun and committed out of the jurisdiction of any particular state or district, JEAN-CLAUDE OKONGO LANDJI, the defendant, who is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry into the United States is expected to be the Southern District of New York, as a United States citizen on board any aircraft, and on board an aircraft owned by a United States citizen and registered in the United States, knowingly distributed, possessed with intent to distribute, and aided and abetted the distribution and

possession with intent to distribute of, five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 959(c), 959(d), 960(a)(3), and 960(b)(1)(B); Title 18, United States Code, Sections 3238 and 2.)

## COUNT FOUR
### (Narcoterrorism Conspiracy)

The Grand Jury further charges:

7. From at least in or about October 2017, up to and including in or about October 2018, in an offense begun and committed out of the jurisdiction of any particular state or district, DAVID CARDONA-CARDONA, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 21, United States Code, Section 960a.

8. It was a part and an object of the conspiracy that DAVID CARDONA-CARDONA, the defendant, and others known and unknown, would and did engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States -- to wit, the distribution, and possession with intent to distribute, of five kilograms and more of mixtures and substances containing

a detectable amount of cocaine -- knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorism and terrorist activity, having knowledge that such person and organization have engaged and engage in terrorism and terrorist activity, in violation of Title 21, United States Code, Section 960a.

(Title 21, United State Code, Sections 960a(a), 960a(b)(1), 960a(b)(2), 960a(b)(3), 960a(b)(4), and 960a(b)(5); Title 18, United States Code, Section 3238.)

## COUNT FIVE
### (Attempted Narcoterrorism)

The Grand Jury further charges:

9. From at least in or about October 2017, up to and including in or about October 2018, in an offense begun and committed out of the jurisdiction of any particular state or district, DAVID CARDONA-CARDONA, the defendant, who is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly engaged and attempted to engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, and aided and abetted such conduct -- to wit, the distribution, and possession with intent to distribute, of five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing

and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorism and terrorist activity, having knowledge that such person and organization have engaged and engage in terrorism and terrorist activity.

(Title 21, United States Code, Sections 960a(a), 960a(b)(1), 960a(b)(2), 960a(b)(3), 960a(b)(4), and 960a(b)(5); Title 18, United States Code, Sections 3238 and 2.)

## COUNT SIX
### (Firearms Conspiracy)

The Grand Jury further charges:

10. From at least in or about October 2017, up to and including in or about October 2018, in an offense begun and committed out of the jurisdiction of any particular state or district, DAVID CARDONA-CARDONA, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense under Title 18, United States Code, Section 924(c).

11. It was a part and an object of the conspiracy that DAVID CARDONA-CARDONA, the defendant, and others known and unknown, during and in relation to a drug-trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug-trafficking crimes charged in Counts One

6

through Five of this Indictment, would and did knowingly use and carry firearms, including destructive devices and machineguns, and, in furtherance of such crimes, would and did knowingly possess such firearms, to wit, CARDONA-CARDONA and others agreed to acquire and possess assault rifles, surface-to-air missiles, and other firearms, in furtherance of the crimes charged in Counts One through Five of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 924(o), 2, and 3238.)

## COUNT SEVEN
(Conspiracy to Violate Maritime Drug Enforcement Laws)

The Grand Jury further charges:

12. From in or about April 2018, up to and including in or about July 2018, in Guyana, Jamaica, Colombia, on the high seas, and elsewhere, DAVID CARDONA-CARDONA, ARGEMIRO ZAPATA-CASTRO, SHERVINGTON LOVELL, and STEVEN ANTONIUS, the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the maritime drug enforcement laws of the United States.

13. It was a part and an object of the conspiracy that DAVID CARDONA-CARDONA, ARGEMIRO ZAPATA-CASTRO, SHERVINGTON LOVELL, and STEVEN ANTONIUS, the defendants, and others known and unknown, while on board a vessel subject to the jurisdiction

of the United States, would and did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 46, United States Code, Section 70503(a)(1).

14.  The controlled substance involved in the offense was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506 and Title 21, United States Code, Section 960(b)(1)(B).

(Title 46, United States Code, Sections 70503, 70504(b)(2), and 70506(b); Title 18, United States Code, Section 3238.)

## FORFEITURE ALLEGATION

15.  As a result of committing the offense alleged in Count One of this Indictment, DAVID CARDONA-CARDONA, JEAN-CLAUDE OKONGO LANDJI, and JIBRIL ADAMU, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a. One Gulfstream GIIB Airplane with Tail Number N4NR.

16.  As a result of committing the offense alleged in Count Two of this Indictment, DAVID CARDONA-CARDONA and JIBRIL ADAMU, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a. One Gulfstream GIIB Airplane with Tail Number N4NR.

17.  As a result of committing the offense alleged in Count Three of this Indictment, JEAN-CLAUDE OKONGO LANDJI, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense,

including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

    a. One Gulfstream GIIB Airplane with Tail Number N4NR.

18. As a result of committing the offenses alleged in Counts Four and Five of this Indictment, DAVID CARDONA-CARDONA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(B) and Title 28, United States Code, Section 2461(c), any and all assets, foreign and domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said offenses; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting, or concealing said offenses; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

19. As a result of committing the offense alleged in Count Six of this Indictment, DAVID CARDONA-CARDONA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

    20. As a result of committing the offense alleged in Count Seven of this Indictment, DAVID CARDONA-CARDONA, ARGEMIRO ZAPATA-CASTRO, SHERVINGTON LOVELL, and STEVEN ANTONIUS, the defendants, shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507(a), and Title 28, United States Code, Section 2461, the following property that was used or intended for use to commit, or to facilitate the commission of, said offenses:

    a. All controlled substances;

    b. All raw materials, products, and equipment of any kind;

    c. All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules;

    d. All property which is used, or intended for use, as a container for property described in paragraphs 20(a), 20(b), and 20(c) of this Indictment;

  e. All conveyances, including aircraft, vehicles, or vessels;

  f. All books, records, and research, including formulas, microfilm, tapes, and data;

  g. All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate the offense charged in Count Seven of this Indictment;

  h. All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements;

  i. Any drug paraphernalia; and

  j. Any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph 20(a) and 20(b) of this Indictment, and any proceeds traceable to such property.

Substitute Assets Provision

  21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or

                deposited with, a third person;

       c.    has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p), to seek forfeiture of any other property of the defendant up to the value of the

above-described forfeitable property.

(Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461; Title 46, United States Code, Section 70507(a).)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAVID CARDONA-CARDONA,
JEAN-CLAUDE OKONGO LANDJI,
JIBRIL ADAMU,
ARGEMIRO ZAPATA-CASTRO,
SHERVINGTON LOVELL, and
STEVEN ANTONIUS,

Defendants.

INDICTMENT

S1 18 Cr. 601 (PGG)

(21 U.S.C. §§ 959, 960, 960a, and 963;
18 U.S.C. §§ 2, 924, and 3238; 46 U.S.C.
§§ 70503, 70504, 70506.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

_ TRUE BILL, INDICTMENT (2) Arrest Warrants
- MAG. ROBERT V. LEHRBURGER
- Wheeled to DJ - 11/8/18