LAW OFFICES OF
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

MEMO ENDORSED

Defense Counsel is directed to consult in the first instance with the Government about this matter

SO ORDERED:

*[signature]*
Paul G. Gardephe, U.S.D.J.
Dated: April 4, 2019

March 8, 2019

By ECF & Email

The Honorable Paul G. Gardephe
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

*United States v. David Cardona-Cardona,* S1 18 cr 601(PGG)

Dear Judge Gardephe:

    I write seeking an unusual request but one that I do feel compelled to make. I ask the Court's assistance in obtaining Mr. Cardona's transfer back to Metropolitan Detention Center ("MDC") from the Westchester County Jail ("WCJ") in Valhalla, New York where he was taken last week. The transfer was not made at the request of the Government and they do not oppose this request. As far as I can tell, Mr. Cardona's transfer was simply a random act unrelated directly to Mr. Cardona as he advised several inmates were transferred the same day as he was but to different locations.

    I ask that Mr. Cardona be taken back to MDC for several reasons. As the Court is aware, there is in excess of 1 TB of discovery. The discovery includes a large volume of consenual recorded conversations and text messages. It is imperative, therefore, for Mr. Cardona to review the discovery with counsel with an/or members of the defense team, as well as, by himself. Mr. Cardona's detention at (WCJ) makes this process onerous. First, there is the additional travel time for members of the defense team and the lack of public transportation to WCJ. If Mr. Cardona is at MDC where counsel has other clients, she could see her other clients to same day as she sees Mr. Cardona, which is an economical use of Criminal Justice Act funds. Second, the attorney visiting rooms do not have

computers at WCJ and thus, counsel must bring her own computer for review. This requires special permission for each visit from the Warden of WCJ. Third, there are a limited number of computers which are available to Mr. Cardona at WCJ. Accordingly, he discovery review will be more limited and will prolong the discovery review process[1]. Fourth, WCJ does not have email communication for inmates- correlinks- and therefore, Mr. Cardona's lacks the ability to communicate quickly with counsel. Email communications are particularly helpful where large segments of discovery are need to be reviewed. With correlinks, Mr. Cardona can communicate what he has reviewed to counsel. This is a tremendous assistance to the defense teams' preparation for their meetings with him.

In addition, Mr. Cardona's ability to visit with members of his family, some of whom come from overseas and can only visit with him for a short time, is made difficult by WCJ policy. Under WCJ policy Mr. Cardona's family visits must be through a glass and microphone. He cannot be in the same room with his family due to the nature of his charges. He is, therefore, denied the same treatment he would be afforded in a federal detention facility where the nature of the charges does not preclude regular social visits. This unwarranted unequal treatment, in and of itself, should compel Mr. Cardona's transfer to a federal detention center.

In light of the above, I ask only that the Court inquire if the United States Marshals and MDC, due to the above circumstances, will transfer Mr. Cardona back to MDC.

Very truly yours,
/s/
Donna R. Newman
cc: AUSA Elizabeth A. Hanft
    AUSA David W. Denton, Jr.
    David Cardona-Cardona via first class mail

---

[1] I note that Mr. Cardona has not had access to his discovery at all-i.e. other than when counsel has come to review the discovery with him. Just prior to his transfer Mr. Cardona checked with the law library at MDC to see if the hard drive the Government had sent there had arrived. The librarian advised it had not. The next day he was sent to WCJ. The Government advised the hard drive had in fact been sent to MDC and they are now in the process of retrieving the hard drive from the MDC. I visited with Mr. Cardona at WCJ on Wednesday and to his knowledge his discovery hard drive still had not arrived. Counsel had CD's produced for Mr. Cardona to make his review simpler at MDC. I await directions from WCJ as to how I can get the CD's and/or the hard drive to Mr. Cardona.